People v Remington
2026 NY Slip Op 03521
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN REMINGTON, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
121 KA 23-01953
Present: Whalen, P.J., Lindley, Ogden, Greenwood, And Hannah, JJ.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (LEAH N. FARWELL OF COUNSEL), FOR DEFENDANT-APPELLANT.
LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered November 7, 2022. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and assault in the second degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the first degree (Penal Law former
§ 130.35 [2]) and assault in the second degree (§ 120.05 [6]).
Defendant contends that he was denied a fair trial by prosecutorial misconduct, but we note that he failed to object to any of the comments he now raises on appeal, and thus his contention is not preserved for our review (see People v Smith, 150 AD3d 1664, 1666 [4th Dept 2017], lv denied 30 NY3d 953 [2017]). In any event, defendant's contention is without merit (see People v Thanthima, — AD3d —, —, 2026 NY Slip Op 02503, *1 [4th Dept 2026]). We further conclude that defense counsel was not ineffective for failing to object to the prosecutor's statements (see People v Farrington, 171 AD3d 1538, 1540 [4th Dept 2019], lv denied 34 NY3d 930 [2019]).
Defendant further contends that defense counsel was ineffective for eliciting certain harmful testimony from the victim. We reject that contention. Defendant's theory of the case was that the victim fabricated the rape to avoid consequences of her probation violation and defense counsel's questions were consistent with defendant's strategy at trial. On appeal, defendant has failed to establish the absence of any strategic or other legitimate explanation for defense counsel's cross-examination of the victim (see generally People v Caban, 5 NY3d 143, 152 [2005]) and therefore failed to demonstrate that the cross-examination deprived him of meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). We further conclude that defendant's remaining allegations of ineffective assistance of counsel lack merit (see generally People v Paul, 171 AD3d 1555, 1557 [4th Dept 2019], lv denied 33 NY3d 1107 [2019], reconsideration denied 34 NY3d 983 [2019]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant failed to preserve for our review his contention that, in sentencing him, County Court punished him for exercising his right to a trial (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Mohamed, 224 AD3d 1271, 1271-1272 [4th Dept 2024], lv denied 41 NY3d 984 [2024]). Finally, defendant's sentence is not unduly harsh or severe.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court